[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-10825
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 20, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 08-00265-CR-2-KOB-PWG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLARENCE LEONARD CHATMAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(August 20, 2009)

Before BLACK, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Clarence Leonard Chatman appeals his conviction for being a felon in

possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), arguing that the district court erred by denying his motion to suppress a firearm found during a traffic stop. After a thorough review of the record and the parties' briefs, we affirm.

On January 28, 2008, Birmingham Police Officers Phillip Harris and Steven Beshears were riding in their marked patrol car when they saw Chatman driving his automobile without a seatbelt on. Officer Harris turned on his lights and sirens and conducted a traffic stop solely because Chatman was not wearing a seatbelt. Officer Harris approached the vehicle and asked Chatman for his license and proof of insurance. As Chatman was complying with this request, Officer Harris asked, "Is there anything illegal or anything I should know about this vehicle?" Chatman answered that there was a gun in the glove box. When asked if he had a permit for the gun, Chatman responded, "No, sir." At this point, Officer Harris asked Chatman to step out of the car. He walked Chatman to the patrol car and placed him in the back seat. Officer Beshears retrieved the gun from the glove box and then contacted a dispatcher to determine if Chatman's license was valid and whether Chatman had any outstanding warrants. Approximately three to five minutes later, the officers received information that Chatman had an outstanding warrant with the City of Birmingham. The officers then arrested Chatman on the

2

outstanding warrant and for his possession of a firearm without a permit. The entire incident – from the time the officers stopped Chatman to the time they left the scene with him – lasted between ten and fifteen minutes.

In June of 2008, a single-count indictment was entered in the Northern District of Alabama, charging Chatman with being a felon in possession of a firearm. Chatman filed a motion to suppress the evidence of the gun discovered on January 28, 2008, arguing that the officer's asking him "is there anything illegal" violated Alabama Code Section 32-5B-8(c), which provides that a "law enforcement officer may not search or inspect a motor vehicle, its contents, the driver, or a passenger solely because of a violation" of the Alabama Safety Belt Act. (Emphasis added). Chatman also argued that the traffic stop and subsequent search of the glove box were unconstitutional. Following a hearing on the motion, a magistrate judge issued findings and a recommendation that the motion to suppress be denied. Over Chatman's objections, the district court adopted the magistrate judge's report and recommendation and denied the motion to suppress. Chatman then pleaded guilty, reserving the right to appeal the adverse ruling on his motion to suppress. The district court sentenced Chatman to ten months of imprisonment.

Chatman now appeals the denial of his motion to suppress, asserting that the

3

gun evidence was unconstitutionally obtained because the traffic stop was not supported by probable cause and because the officers exceeded the scope and duration of a permissible traffic stop by asking Chatman questions unrelated to the seatbelt violation.

"We review de novo the district court's denial of a motion to suppress. We view all evidence in the light most favorable to the party that prevailed in the district court." United States v. Carter, 566 F.3d 970, 973 (11th Cir. 2009) (quotation and citation omitted).

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause." U.S. Const. amend. IV. A traffic stop is considered "only a limited form of seizure"[1] which is permissible without a warrant where a police officer has "probable cause to believe that a driver have violated any one of a multitude of applicable traffic and equipment regulations relating to the operation of motor vehicles." United States v. Strickland, 902 F.2d 937, 940 (11th Cir. 1990) (citations omitted). Also, although warrantless searches are generally per se unreasonable under the Fourth Amendment, the Supreme Court has recognized an the automobile exception

_____

[1] United States v. Purcell, 236 F.3d 1274, 1277 (11th Cir. 2001).

4

which "permits warrantless vehicle searches if the vehicle is operational and agents have probable cause to believe the vehicle contains evidence of a crime." United States v. Tamari, 454 F.3d 1259, 1264 (11th Cir. 2006).

As an initial matter, we conclude that Chatman's argument challenging the validity of the initial stop is without merit because the officers had probable cause to believe that he was violating Alabama Code § 32-5B-4 by not wearing a seat belt.[2] Whren v. United States, 517 U.S. 806, 819 (1996). Although Officer Harris testified at the hearing that he was unfamiliar with the requirements of the Federal Motor Vehicle Safety Act and could not name the section of the Birmingham Municipal Code which required seatbelt use, Chatman has not shown that the officers did not act in accordance with the governing law or that the traffic stop was premised upon a mistake of law. See United States v. Chanthasouxat, 342 F.3d 1271, 1276 (11th Cir. 2003) (holding that traffic stop for improper equipment was unsupported by probable cause where officer incorrectly believed that state law required an inside-rear view mirror). Accordingly, because the officers saw that Chatman's seatbelt was unfastened and correctly identified that this conduct violated a traffic regulation, the initial traffic stop did not violate the Fourth

---

[2] Because we conclude that the stop was supported by probable cause, we decline to address Chatman's argument, raised for the first time on appeal, that the stop was invalid under the "special needs" doctrine.

Amendment.

We also conclude that the warrantless search of the glove compartment in this case was justified under the automobile exception because Chatman informed the officers that there was a firearm located there and that he lacked the required permit. We reject Chatman's contention that the officers exceeded the scope of the traffic stop by asking him questions unrelated to the seat-belt violation, as these questions did not unreasonably prolong the duration of the stop. See United States v. Hernandez, 418 F.3d 1206, 1209 n.3 (11th Cir. 2005) (explaining that "[w]hen an officer is, for instance, looking at a driver's license . . . , he can lawfully at about the same time also ask questions – even questions not strictly related to the traffic stop" as long as such questioning does not unreasonably extend the duration of the stop); Purcell, 236 F.3d at 1279 ("Fourteen minutes is not an unreasonable amount of time for a traffic stop. We have approved traffic stops of much longer duration."). We also reject the argument that these questions constitute an impermissible "inspection," in violation of Ala. Code § 32-5B-8(c). Accordingly, we affirm the district court's denial of the motion to suppress the gun evidence.

**AFFIRMED.**